IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS, Plaintiff, <br><br> v. <br><br> WYANDOTTE CORPORATION, Defendant. | Case No. 19–CV–00927–JPG |

# ORDER

This is a civil suit involving unpaid fringe benefits under the Employment Retirement Income Security Act. Before the Court is Plaintiffs Central Laborers' Pension, Welfare and Annuity Funds' Motion for Audit and Default Judgment. (ECF No. 34).

There are two stages to default. First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55. Then, the Court may enter a default judgment for the amount due. *Id.* "Whether a default should be entered . . . is a matter resting in the sound discretion of the trial judge." *Duling v. Markun*, 231 F.2d 833, 836 (7th Cir. 1956).

Although the Clerk of Court entered default in December 2020, a default judgment is inappropriate because the amount due is unclear. As noted in the plaintiffs' Motion, the contracts entered by the litigants authorize the plaintiffs to "audit the records of the [defendant-employer] . . . for the purposes of determining the accuracy of contributions to the [plaintiff-funds]. (*See* Pl.'s Mot. at 7). It also specifies that, "In the event it comes necessary for the [plaintiff] to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the

[defendant] shall be liable for all reasonable costs incurred . . . ." (*Id.).* Until this audit occurs and the amount due is known, a default judgment is inappropriate.

With that in mind, the Court **GRANTS IN PART AND DENIES IN PART** the plaintiffs' Motion for Audit and Default Judgment. More specifically, the Court **ORDERS** the following:

(1) The defendant must turn over to the plaintiffs all their payroll records and books for the time frame of April 1, 2017 through the most current date possible within 60 days of the entry of this Order so that an audit may be conducted;

(2) The defendant must pay all costs attendant to any audit of the payroll records and books;

(3) The plaintiffs must notify the Court when the defendants comply with the terms of this Order; and

(4) The plaintiffs must file a renewed motion for default judgment upon completion of the referenced audit.

**IT IS SO ORDERED.**

**Dated: Thursday, February 25, 2021**

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**UNITED STATES DISTRICT JUDGE**